## COHEN v. DELAVINA.

### (Circuit Court, D. Maine. November 12, 1900.)

#### No. 534.

1. PRELIMINARY INJUNCTIONS—GROUNDS—RULES GOVERNING.

Where the effect of a preliminary injunction will be to hold matters substantially in statu quo without inflicting any serious loss on the defendant, it may be granted, although the right of the complainant is not clear, and the matter will be determined by balancing the relative detriment to the parties which will result from granting or refusing it without prejudging the case by entering upon questions of fact in regard to which, as disclosed by the affidavits, there is a serious conflict.

2. SAME.

Preliminary injunction granted upon plaintiff's filing an indemnifying bond.

In Equity. On application for preliminary injunction.

Edward M. Rand, for complainant.

Bird & Bradley, for respondent.

PUTNAM, Circuit Judge (orally). This case comes before the court on a motion for an ad interim injunction. On the affidavits of the complainant he clearly is entitled to the injunction asked for. The case does not come within Hatch Storage-Battery Co. v. Electric Storage-Battery Co., 41 C. C. A. 133, 100 Fed. 975, 976 (decided by the court of appeals for this circuit on March 16, 1900), because the rules there stated do not apply where the effect of the injunction would be only to hold matters statu quo, or substantially so, or where its refusal would seriously and irretrievably impair the business of the complainant, and the granting of it would cause only a temporary minor loss to the respondent. The case comes back to the general rules applicable to granting injunctions under such circumstances that the court is compelled to balance the relative detriments to the parties before it.

The difficulty the court has to deal with, however, is that there is on nearly every point in the case a very serious conflict of fact, as shown by the respondent's affidavits; a conflict which, on final hearing, may require an investigation of a very large amount of testimony, extending over a long period of time and through an extensive range of localities. The objections to disposing of motions for preliminary injunctions under such circumstances, except according to formal rules, are very serious; because, if the court undertakes to investigate the testimony pro and con, it gets a twist which is very detrimental on final hearing. Therefore the court must find some way of disposing of this matter without undertaking to pass on the conflicting proofs before it.

The court, however, is clear that the use by the respondent of the red color on the outside of the box and the inside of the lid violates the rules of the law with reference to unfair trade. This red color is very peculiar, and is the particular thing which a customer would carry in his mind. One who has purchased the cigar manufactured by the complainant, seeing this red, would naturally be so struck by it that he would carry that without carrying in his mind anything else. The other differences between the two packages would not ordinarily impress his mind as would the red color. The red used by the complainant is very peculiar, and novel in the cigar trade, and that used by the respondent is exactly the same. Although it is used in different quantities, and covers different portions of the box, yet it is apparent to the court that these diversities were created merely for the purpose of avoiding the charge of infringement while making use of this peculiar distinctive feature.

An injunction may issue to prohibit the respondent from using any red color whatever on either the inside or the outside of his boxes. With reference to the word "Keystone," the injunction will also prohibit the respondent from using it except in connection with stamping or printing on the outside of his boxes and on the inside of his covers, in clear and conspicuous letters, the name of the manufacturer from whom he obtains the cigars. So far as the use of the word "Keystone" at large is concerned, no injunction can be granted, unless the complainant files a bond to respondent in the penal sum of $1,000, with sufficient sureties, for damages in case the respondent prevails.

Let a decretal order be entered under rule 21 in accordance with this opinion.